UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **TAMMIE WHITE** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 11-1161** |
| | * | |
| **FLORIDA MARINE TRANSPORTERS, INC.** | * | **SECTION "L"(5)** |

## ORDER & REASONS

Before the Court is defendant Florida Marine Transportation, Inc.'s ("FMT") Objection to Magistrate's Ruling to Compel Vessel Inspection (R. Doc. 136) and FMT's Motion to Expedite Hearing on this Motion (R. Doc. 137).  IT IS ORDERED that the Motion to Expedite Hearing is GRANTED.  IT IS FURTHER ORDERED that FMT's Objection to the Magistrate's Ruling is DENIED for the following reasons.

**I.      BACKGROUND**

This case arises out of alleged personal injuries sustained while working aboard a vessel.  Plaintiff, Tammie White, was Captain of the 90' pusher towboat, M/V BILL SEYMOUR, owned and operated by FMT at the time of the alleged incident.  Specifically, on or about January 24, 2011, Plaintiff was working aboard the M/V BILL SEYMOUR during the loading and transporting of vacuum gas oil ("VGO") upon the bulk liquid barges M401 and M403 at the Exxon Chalmette refinery.  Plaintiff claims that during this time, he was exposed to H2S gas, a highly toxic gas listed as a dangerous substance at 29 C.F.R. 1910.1000.  Plaintiff alleges he first smelled a sulfur smell, indicative of this gas, and then "quickly became nauseated, dizzy, with headaches and eye pain and collapsed." (R. Doc. 1).  According to Plaintiff, Exxon Chalmette has a history of exposing workers to H2S gas. *Id.*  He also claims

-1-

that treating physicians have diagnosed him as suffering from H2S exposure. *Id.* As a result of this exposure to H2S gas, Plaintiff claims he continues to suffer from headaches, blurred vision, dizziness, ringing of the ears, and total deafness in his right ear, the latter of which causes him to lose his balance. *Id*. These conditions, according to Plaintiff, will prevent him from renewing his master's license next year. *Id*.

On May 17, 2011, Plaintiff filed suit against FMT in this Court alleging jurisdiction pursuant to the Jones Act, general maritime law, and Federal Rule of Civil Procedure 9(h). (R. Doc. 1). Plaintiff also seeks maintenance and cure from FMT. *Id.* Plaintiff alleges FMT's negligence and the vessel's unseaworthiness as the causes of his injuries, particularly: failure to have appropriate detection and monitoring equipment and alarms on the vessel to detect the H2S gas, failure to provide accessible respirators on the vessel, failure to provide instructions and procedures for using such respirators, and failure to train in how to detect and protect from the gas. *Id*. Plaintiff seeks damages for his personal injuries, loss of income, mental anguish and anxiety, and other losses, including compensatory damages, past and future. *Id*.

On June 7, 2011, FMT filed a Answer, denying liability for Plaintiff's injuries and raising a number of affirmative defenses. (R. Doc. 5).

The trial in this matter was originally scheduled for May 29, 2012, but beforehand the parties informed the Court that they needed additional time to conduct discovery. *See* (R. Doc. 123). The Court allowed the parties the opportunity to conduct further limited discovery and depositions and continued the trial to July 11, 2012. *See id.* The Court also directed the parties to meet-and-confer to select discovery and deposition deadlines. *See id.* The parties did so, and the Court included these deadlines in its Minute Entry for the conference. *See id.*

On May 21, 2012, Plaintiff filed a Motion to Compel, seeking to have its toxicologist expert, Dr. Patricia Williams, and an expert upon whom Dr. Williams will rely in part, Dr. Bhaskar Kura, to examine the vessel. (R. Doc. 128). FMT strongly opposed this Motion. (R. Doc. 132). On May 23, 2012, Magistrate Chasez held a hearing on the Plaintiff's Motion and ruled as follows:

> Given the fact that defendant will be calling an expert in air modeling at trial, an inspection of the vessel by Drs. Williams and Kura may go forward on a date and time to be agreed upon by counsel. Any supplementation to Dr. Williams' report or the rendering of a report by Dr. Kura are to occur within five (5) days following the inspection reserving to the defendant the right to supplement its expert report(s) within five (5) days thereafter. (R. Doc. 134).

This ruling is at the center of the present Motion.

## II.     PRESENT MOTION

### A.     FMT's Motion

FMT objects to the Magistrate's ruling, which allows Plaintiff's experts to inspect the vessel, on the basis that such inspection constitutes an improper modification of the Court's scheduling order and such inspection is outside the scope of limited discovery permitted by the Court. FMT argues that Plaintiff cannot explain his failure to complete a vessel inspection within the original discovery period, especially since the vessel has been available since the inception of the litigation and Plaintiff has known for at least seven months that Dr. Williams would need an air modeler to complete her report. Next, FMT argues that Plaintiff fails to explain the importance of the inspection. Finally, FMT argues that it will suffer actual prejudice if Plaintiff's experts inspect the vessel, because to allow Plaintiff a second opportunity to develop his case, while FMT developed its own case within the established timeline and guidelines set by the Court, penalizes FMT for its compliance and forces FMT to expend even

-3-

greater legal fees on issues already litigated.  According to FMT, this prejudice cannot be cured through an additional continuance.

### B.        Plaintiff's Response

Plaintiff filed a Response in opposition to FMT's Motion.  (R. Doc. 139).  Plaintiff alleges that FMT failed to inform it or the Court that the vessel subject to Magistrate Chasez's Order was sold prior to Plaintiff's request for inspection of the vessel.  Thus, Plaintiff argues that at the time of the hearing before Magistrate Chasez, FMT lacked standing to oppose the inspection.  Plaintiff also argues that Magistrate Chasez's Order is consistent with this Court's previous order regarding limited discovery.  In conclusion, Plaintiff asks that FMT's Motion be denied and that FMT be ordered to pay its attorneys' fees incurred in filing the underlying motion and defending the appeal of Magistrate Chasez's order.

## III.    LAW & ANALYSIS

Federal Rule of Civil Procedure 72(a) authorizes magistrate judges to hear and decide non-dispositive, pretrial matters.  "A magistrate judge is afforded broad discretion in the resolution of non-dispositive motions."  *Contogouris v. Pac. W. Res.*, LLC, 2012 WL 1574121, at *1 (E.D. La. May 2, 2012).  When a magistrate judge issues a ruling on such matters, a district court judge may reconsider the ruling "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A).  "The 'clearly erroneous' standard requires that the court affirm the decision of the magistrate judge unless 'on the entire evidence the court is left with a definite and firm conviction that a mistake has been committed.'"  *Moody v. Callon Petroleum Operating Co.*, 37 F.Supp.2d 805, 807 (E.D. La. 1999)(quoting *United States v. United States Gypsum Co.*, 333 U.S. 364 (1948)).  Thus, a

movant "must clear a high hurdle" to prevail. *DeSchoolmeester v. Cartus Corp*., 2012 WL 777331, at *1 (E.D. La. Mar. 7, 2012)).

Upon review of the record, including the briefing submitted for the present motion and the underlying motion, the Minute Entry from the Court's status conference, and Magistrate Chasez's Order, the Court finds that Magistrate's Chasez's Order is neither clearly erroneous nor contrary to law. First, there is no modification of the current scheduling order, which was submitted to the Court jointly by the parties. *See* (R. Doc. 123). The parties agreed that by June 15, 2012, FMT would depose Plaintiff's experts, but that more time may be permitted to depose Dr. Patricia Williams and any experts Dr. Williams relies upon. *See id.* Additionally, the parties agreed to allow Plaintiff until June 15, 2012 to file his amended expert reports, which would include the report of Dr. Williams. *See id.* These deadlines necessarily anticipate that further limited discovery will be conducted.

Further, at the conference, Plaintiff stated that Dr. Williams needed only limited assistance from a chemist to assist her with identifying the materials at issue. FMT did not oppose this request, agreeing to additional, identified discovery, and if new evidence was elicited, an opportunity to amend expert reports. The Court, in response, prohibited the addition of new experts, but allowed current experts to rely upon other expert testimony. The Court finds that Magistrate Chasez's Order is not inconsistent with the discussions or decisions at the conference.

Finally, FMT will not suffer prejudice as a result of Magistrate Chasez's Order, because it knew Plaintiff planned to retain a chemist to assist Dr. Williams, and FMT is afforded the opportunity to supplement its own expert reports after the inspection.

Although the Court finds no basis to reverse Magistrate Chasez's Order, it recognizes the futility in ordering FMT to allow Plaintiff's experts to inspect a vessel which FMT no longer owns or operates. Unbeknownst to Plaintiff, his original motion was brought in vain, and as a result, Plaintiff seeks attorneys' fees incurred in filing the underlying motion and defending the present Motion. In order to properly consider these requests, the Court invites briefing from FMT as to why it should not be required to reimburse Plaintiff for these attorneys' fees, and thereafter, the Court will hold a rule to show cause hearing as to why FMT should not be imposed these fees.

## IV.     CONCLUSION

For the foregoing reasons, IT IS ORDERED that FMT's Objection to Magistrate's Ruling to Compel Vessel Inspection (R. Doc. 136) is DENIED. IT IS FURTHER ORDERED that FMT is to submit briefing by June 12, 2012, as to why it should not be ordered to reimburse Plaintiff for his attorneys' fees incurred in bringing the underlying motion and defending the present Motion. IT IS FURTHER ORDERED that a hearing on a rule to show cause why FMT should not be imposed the cost of these attorneys' fees is SCHEDULED for June 20, 2012, at 9:00 a.m. in the Courtroom of Judge Eldon E. Fallon.

New Orleans, Louisiana this 4th day of June 2012.

_____
U.S. District Judge